This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 31,678**

**ARMANDO PEREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

**MEMORANDUM OPINION**

**GARCIA, Judge.**

The State appeals from the dismissal of the complaint charging Defendant with CSP and CSC. We proposed to dismiss the State's appeal in a first and second calendar notice, and the State has filed responses to the notices. We are unpersuaded by the State's arguments. We therefore dismiss the appeal.

The district court order was filed on October 3, 2011. The State filed a notice of appeal on October 12, 2011, but failed to include the certification required by NMSA 1978, Section 39-3-3(B)(2) (1972) (requiring the district attorney to certify to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding). We proposed to dismiss the appeal. The State obtained an amended order from the district court filed on February 14, 2012. In the order, the district court found that the appeal was not taken for purposes of delay and the evidence excluded is substantial proof of a fact material in the proceedings. [SRP 285] The State filed a notice of appeal on February 17, 2012, from that order, but did not include the language required under Section 39-3-3(B)(2). The State filed an amended notice of appeal on March 6, 2012 which included the required language.

The State argues that the district court's amended order included the requisite language and the timely notice of appeal from that order filed on February 17 included language that the State "hereby appeals the February 12, 2012, Amended Order."

2

[SRP 286] The State claims that the reference to the order in its notice of appeal filed on February 17 "incorporated the language of Section 39-3-3(B)(2) by reference to the order." [MIO 3] The State claims that we should overlook technical deficiencies in its notices of appeal in favor of hearing the case on the merits. The State also argues that the second amended notice of appeal should be read in conjunction with the prior notice of appeal.

On August 8, 2012, we issued a decision in *State v. Vasquez*, 2012-NMCA-__, __P.3d __ (No. 29,868, Aug. 8, 2012). We held that timeliness and certification requirements under Section 39-3-3(B)(2) are mandatory preconditions to appellate jurisdiction; that interlocutory appeals from orders of suppression must be timely filed and must contain the required certification language. 2012-NMCA-__, ¶¶ 4-5. The statute requires that the State include in its notice of appeal a certification from the district attorney to the district court. *See* § 39-3-3(B)(2). Here, the district court included its own certification in the order, but the State's timely notice of appeal did not include a certification from the district attorney to the district court. As discussed in *Vasquez*, we decline to exercise jurisdiction over an appeal "when the State fails to include the necessary certification language in its notice of an interlocutory appeal from a suppression order, absent exceptional circumstances." 2012-NMCA-__, ¶ 11. The State has not demonstrated that exceptional circumstances existed in this case.

The State argues that any technical defects in the appeals process should be overlooked in favor of hearing the appeal. The State also argues that the second amended notice of appeal was an attempt to correct any defects and it should be read in conjunction with the State's timely notice of appeal that did not contain the required certification. Similar arguments were made in *Vasquez,* and we rejected those arguments. As discussed in *Vasquez,* the State cannot rely on the preference for hearing the merits of an appeal where the State has no constitutional right to appeal. *Id.* ¶ 13. In addition, we held that an amended notice of appeal does not relate back to the prior notice for purposes of excusing a "technical violation" of the statute. *Id.* ¶¶ 13-14. As this Court concluded in *Vasquez,* a "timely, but incomplete, notice of appeal [is] not sufficient to invoke our jurisdiction." *Id.* ¶ 11.

Relying on our opinion in *Vasquez* and on our discussions in this opinion and our second calendar notice, we dismiss the State's appeal.

**IT IS SO ORDERED.**

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

4

_____

**J. MILES HANISEE, Judge**